# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARAH C. CREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-CV-01836-NCC |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Sarah C. Crews ("Plaintiff") for Disabled Adult Child Benefits ("DAC") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*., and 42 U.S.C. §§ 1381, *et seq*.  Plaintiff has filed a brief in support of the Complaint (Doc. 31) and Defendant has filed a brief in support of the Answer (Doc. 36).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9).

### I.  PROCEDURAL HISTORY

On January 22, 2019, Plaintiff filed her applications for DAC and SSI (Tr. 239-46). Plaintiff was initially denied on May 2, 2019, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 147-81, 184-96).  After a hearing, by decision dated

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi shall be substituted for former Commissioner Andrew Saul as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

May 4, 2020, the ALJ found Plaintiff not disabled (Tr. 96-116). On October 23, 2020, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.  DECISION OF THE ALJ

The ALJ determined that Plaintiff had not attained age 22 as of August 8, 2018, the alleged disability onset date, and that Plaintiff has not engaged in substantial gainful activity ("SGA") since August 8, 2018 (Tr. 101). In doing so, the ALJ noted that Plaintiff worked after the alleged onset date but that the work activity did not rise to the level of SGA (*id.*). The ALJ found that Plaintiff has the severe impairments of bipolar disorder, borderline personality disorder, anxiety, and attention deficit hyperactivity disorder ("ADHD"), but that no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 102). After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations (Tr. 103). Plaintiff is able to complete simple, routine tasks with minimal changes in job duties and setting (*id.*). Plaintiff should avoid fast-paced productivity jobs (*id.*). Plaintiff can occasionally interact with the general public, coworkers, and supervisors (*id.*). The ALJ found Plaintiff has no past relevant work but that there are jobs that exist in significant numbers in the national economy Plaintiff could perform, including price marker, housekeeping cleaner, and mail clerk (Tr. 110-11). Thus, the ALJ concluded that Plaintiff has not been under a disability from August 8, 2018, through the date of the decision (Tr. 112).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id*. "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ

will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731,

736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier*, 294 F.3d at 1022.

## IV.  DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises four issues.  First, Plaintiff argues that the ALJ's decision fails to properly evaluate the opinion evidence from the State agency psychological consultant Scott Brandhorst, Psy.D, and from Plaintiff's treating psychiatrist Dr. Fernando Perez-Magnelli, M.D. (Doc. 31 at 3-5).  Second, Plaintiff argues that the RFC is not supported by substantial evidence, specifically, that it improperly relies on the opinion of a non-examining, consulting physician, Dr. Brandhorst, over the opinion of a treating physician, Dr. Perez-Magnelli (*id.* at 6-8).  Third, Plaintiff argues that the ALJ's decision is inconsistent with evidence documenting absenteeism at a rate that would preclude employment (*id.* at 8-9).  Finally, Plaintiff argues that the ALJ's evaluation of Plaintiff's mental health impairments is not supported by the record (*id.* at 9-12).  Because the Court agrees that the ALJ's decision fails to properly evaluate the opinion evidence, the Court will address that issue alone.

Plaintiff argues that the ALJ failed to explain how she considered supportability and consistency in finding Dr. Brandhorst's opinion persuasive (*id.* at 4).  Plaintiff further argues that the ALJ's statements are general and conclusory and lack any reference to specific evidence or explanation regarding consistency and supportability (*id.*).  The Commissioner responds that the ALJ properly considered the factors of supportability and consistency (Doc. 36 at 15).  For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security Administration "will

not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Here, the only discussion in the ALJ's decision of the two factors of supportability and consistency with regard to Dr. Brandhorst's opinion is "the findings about the claimant's psychological impairments are consistent with the record as a whole and support the residual functional capacity set forth above" (Tr. 110).  An "ALJ's sprinkling of the words 'support' and

6

'consistent' in her cursory treatment of [medical] opinions is insufficient to satisfy the Regulation's requirement that the ALJ 'explain' how she considered these factors in determining the persuasiveness of a medical opinion." *Martini v. Kijakazi*, No. 4:20 CV 1711 CDP, 2022 WL 705528, at *4 (E.D. Mo. Mar. 9, 2022). "[W]hile an ALJ's explanation need not be exhaustive, boilerplate or 'blanket statement[s]' will not do." *Lucus*, 960 F.3d at 1069 (quoting *Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 554 (8th Cir. 2018)). Moreover, "[n]o matter the adequacy of the ALJ's general summary of the evidence of record, she nevertheless [must] abide by the Regulation's mandate to 'explain' the supportability [and consistency] of [a medical] opinion in view of such evidence." *Martini*, 2022 WL 705528 at *5; *see also Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination). The Regulation requires "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *Hirner v. Saul*, No. 2:21-CV-38 SRW, 2022 WL 3153720, at *9 (E.D. Mo. Aug. 8, 2022).

In this case, while the ALJ included the word "support," it is used to describe how Dr. Brandhorst's opinion supports the RFC *not* whether and to what extent Dr. Brandhorst's opinion itself is supported. Thus, the decision entirely fails to address the supportability of Dr. Brandhorst's opinion, which alone requires remand. *Bonnett*, 859 Fed. Appx. at 20 (citing *Lucus*, 960 F.3d at 1069-70). In addition, the general statement that Dr. Brandhorst's opinion is "consistent with the record as a whole" is insufficient to satisfy the Regulation's directive of

7

explanation regarding consistency. *See Martini*, 2022 WL 705528 at *5 ("finding ALJ's statement that opinion was "consistent with the record as a whole" insufficient); *Post v. Kijakazi*, 2021 WL 4355349, at *7 (E.D. Mo. Sept. 24, 2021) (finding ALJ's statement that opinion was "consistent with the claimant medical record, as more fully discussed above" insufficient).  The Court finds that the ALJ erred in analyzing the persuasiveness of Dr. Brandhorst's opinion. *See Martini*, 2022 WL 705528 at *4-5 (finding ALJ erred, requiring reversal, where the only discussion in the ALJ's decision of the supportability and consistency of the State agency consultants' medical opinions was "the findings about the claimant's physical and psychological impairments are consistent with the record as a whole and support the residual functional capacity set forth above").

Plaintiff further argues that the ALJ failed to explain how other evidence does or does not support the opinion of Plaintiff's treating psychiatrist Dr. Perez-Magnelli, which the ALJ found not persuasive (Doc. 31 at 5).  While the ALJ's decision addresses supportability, it makes no mention of consistency with regard to Dr. Perez-Magnelli's opinion (Tr. 110).  On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.  Because remand is required for revaluation of the opinion evidence, the Court will not address Plaintiff's remaining arguments.  *See, e.g., Hirner*, 2022 WL 3153720, at *10.  However, the Court does advise that, on remand, the ALJ consider Plaintiff's history of hospitalizations for mental health symptoms. *See* Doc. 31 at 8 (citing Tr. 838-1108, 698-704, 530-37, 409-66); *Abelman v. Saul*, No. 4:20 CV 249 RWS, 2020 WL 7770826, at *9 (E.D. Mo. Dec. 30, 2020) (remanding for reconsideration of whether the plaintiff's bipolar disorder rendered her disabled and directing ALJ to consider absenteeism where the plaintiff was hospitalized for 71 days during a period of 32 months).

8

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate the opinion evidence within the record.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 12th day of September, 2022.

                                                          /s/ Noelle C. Collins  
                                                          NOELLE C. COLLINS  
                                                          UNITED STATES MAGISTRATE JUDGE